**LOUIS N. LECHNER v. CELIA LECHNER**

16 So. (2nd) 816                                          January Term, 1944
February 29, 1944                                        Special Division A

*Redfearn & Ferrell,* for appellant.
*Stuart Mackenzie,* for appellee.

CHAPMAN, J.:

On August 15, 1916, Louis N. Lechner and Celia Lechner intermarried in the City of New York and lived and cohabited together continuously thereafter as husband and wife until December, 1929, when the husband abandoned the wife and shortly thereafter filed suit for divorce in the courts of the State of New York. An answer was filed by the wife. Stipulations were entered into between the parties as to a property settlement and so recognized on February 6, 1931, by the Supreme Court of the State of New York by a decree of said date.

The consent decree (1) dismissed on the merits the suit of Louis N. Lechner against his wife; (2) granted the wife a separation from bed and board of her husband forever; (3) awarded the wife $22.50 per week for support and maintenance for her natural life. Payments were made weekly from the date of entry of the decree until the Summer of 1940. Section 1171-b of the Civil Practice Act of the State of New York authorizes the entry of a money judgment for alimony arrears, and pursuant thereto on March 25, 1941, a money judgment in the sum of $675.00 was entered against Louis N. Lechner. The law of New York authorized the courts by appropriate order on application on notice to alter, amend, increase or deny alimony previously entered or awarded. See Van Dusen v. Van Dusen, 17 N.Y.S. (2nd) 96.

On March 10, 1936, Louis N. Lechner filed in the Circuit Court of Dade County, Florida a bill for divorce against his wife, Celia Lechner, on the grounds: (a) extreme cruelty, and (b) wilful, obstinate and continuous desertion for a period of one year. The bill of complaint was sworn to and recited that the plaintiff, Louis N. Lechner, had been a resident of Florida (at the time of filing the suit) for a period of more than ninety days; and that Celia Lechner (his then wife) was a non resident of the State of Florida and her residence, as particular as it was then known to the plaintiff,

was the City of New York, State of New York, and a better or specific address was unknown.

Attached to the bill of complaint was plaintiff's affidavit viz:

"State of Florida, } S.S.

County of Dade

"Before me, the undersigned authority, personally appeared Louis N. Lechner, who being duly sworn, deposes and says: that he is the plaintiff in this cause; that the defendant, Celia Lechner, is a non-resident of the State of Florida, and, as particularly as is known to your affiant, is a resident of the City of New York, State of New York, a better or specific address being unknown to your affiant after diligent inquiry and search; that there is no person in the State of Florida the service of a subpoena upon whom would bind the defendant; that he and the defendant are each over the age of twenty one years.

"Affiant further states that he has read the above and foregoing bill of complaint and that the matters and things alleged therein are true."

Predicated on the sworn bill was a notice to appear order of the Clerk of the Circuit Court of Dade County, Florida, viz:

"It appearing by affidavit appended to the bill filed in the above stated cause that Celia Lechner, the defendant therein named is a non-resident as particularly as it is known to the plaintiff is the City of New York, State of New York, a better or specific address being unknown; that there is no person in the State of Florida, the service of subpoena upon whom would bind such defendant and that she is over the age of twenty-one years. It is therefore ordered that said non-resident defendent be, and she is hereby required to appear to the bill of complaint filed in said cause on or before Thursday, the 9th day of April, A. D. 1936, otherwise the allegations of said bill will be taken as confessed by said defendant.

"It is further ordered that this order be published once a week for four consecutive weeks in the Miami Review and Daily Record, a newspaper published in said County and State. This March 10, 1936.

E. B. Leatherman, Clerk of<br>Circuit Court."

It affirmatively appears from the record that the clerk of the Circuit Court of Dade County, Florida, sent by mail a copy of the notice to appear to Celia Lechner, New York City, but the same was never delivered to or received by Celia Lechner and the same was by the postoffice officials returned to the Clerk of the Circuit Court at Miami, Florida.

On April 11, 1936, after the entry of a decree pro confesso against Celia Lechner, the Honorable Worth Trammell, Circuit Judge, made and entered an order forever dissolving and terminating the bonds of matrimony then and previously existing between the parties. On August 4, 1936, Louis Lechner and Janet Lopkins intermarried and are now cohabiting as husband and wife, and an issue thereof is a child of tender years and a minor.

On October 15, 1941, Celia Lechner filed in the Circuit Court of Dade County, Florida, an original bill in the nature of a bill of review seeking to impeach the divorce decree entered by the Circuit Court of Dade County, Florida, on April 11, 1936. The bill alleged that Celia Lechner was a non-resident of Florida and was a resident of the City of New York and State of New York and that the affidavit of Louis N. Lechner, upon which service by publication was obtained in the divorce suit, was false. The affidavit recited the residence of Celia Lechner as 'the City of New York, State of New York, a better or specific address being unknown to affiant (Louis N. Lechner) after diligent inquiry and search;" that the said Louis N. Lechner well knew the address in the City of New York of Celia Lechner at the time he testified before the master to whom the divorce suit was referred and knew that Celia Lechner had not at any time concealed herself or retained from him her address in the City of New York. The bill of complaint sought a decree impeaching for fraud the

divorce suit granted to Louis N. Lechner on·April 11, 1936, by the Circuit Court of Dade County, Florida.

The original bill in the nature of a bill of review sought a judgment of the Circuit Court of Dade County for the balance due on the decree of separation entered in the Supreme Court of New York on the 6th day of February, 1931, in the case of Louis N. Lechner v. Celia Lechner. The decree ordered Louis N. Lechner to pay to Celia Lechner $22.50 per week for her maintenance and support during the period of her natural life. While Louis N. Lechner had conformed to the weekly payments for a period of ten years, or more, at the time of the filing of the bill he was in arrears under the terms of the separation agreement for designated sums.

The defendant Lechner, by answer to the original bill in the nature of a bill of review, by appropriate allegations denied the several allegations of fraud relied upon to impeach the divorce decree. Likewise he denied the plaintiff's allegations of false testimony given by Lechner in the divorce proceedings in the ·Circuit Court of Dade County, Florida. Additional allegations appear in the answer to the effect that the residence and address of Celia Lechner as the City of New York, New York was as particular the address and residence·of the appellee as was known to Louis N. Lechner; that he and his New York attorneys had repeatedly attempted to ascertain the residence and address of Celia Lechner and that her New York attorneys consistently refused to divulge her address.

The answer to the claim for a money judgment for the balance due Celia Lechner as alimony is to the effect that by the terms of the stipulations of the parties filed in the Supreme Court of New York, Louis N. Lechner paid Celia Lechner $11,100.00 in cash; assigned to her an endowment insurance policy and paid to her additional thereto for many years the sum of $22.50 per week; that he applied to the New York court for a reduction of the amount of alimony but the same was by the court denied; that Celia Lechner owned in her own right ample funds to sustain her in comfort and to defray all costs incidental to poor health. Amendments to the original bill were authorized by a court order and an

answer thereto was filed, and on the issues made by the pleadings the cause was referred to a master, who heard all the evidence, and made findings of fact and law and recommendations as to the terms and provisions of the final decree to be entered by the chancellor.

On final hearing the decree of the chancellor below as entered denied that part of the prayer of the bill which sought (1) an annulment of the divorce decree between Louis N. Lechner and Celia Lechner dated April 11, 1936, as entered by the Circuit Court of Dade County, Florida; (2) it granted that part of the prayer seeking a money judgment against Louis N. Lechner for alimony arrears in the sum of $3792.78 then due by Louis N. Lechner under the signed stipulation and decree of the New York Court bearing date of February 6, 1931; (3) it granted that part of the prayer of the bill seeking attorney's fees for Celia Lechner in the sum of $500.00. From the decree Louis N. Lechner appealed and here contends that the money judgment for alimony and attorney's fees is erroneous. The appellee, by cross assignment, here contends that the part of the final decree refusing to annul and declare void *ab initio* the divorce decree dated April 6, 1936, is erroneous. Other questions are posed by counsel but answers to contentions 1, 2 and 3 *supra* will be determinative of this controversy.

The courts of the State of New York, under the provisions of Section 1170, Civil Practice, are granted the power and authority to alter or modify a final judgment as to alimony, past due or thereafter to become due. See Van Dusen v. Van Dusen, 17 N.Y.S. (2nd) 96; Fox v. Fox, 263 N. Y. 68, 188 N. E. 160; Karlin v. Karlin, 280 N. Y. 32, 19 N. E. (2nd) 669; Kirkbridge v. Van Note, 275 N. Y. 244, 9 N. E. (2nd) 852, 112 A. L. R. 243. The challenged decree entered by the lower court is for alimony allowed or adjudicated by the New York courts. On February 6, 1941, the New York courts entered a judgment for the appellee against the appellant in the sum of $675.00. The sum of $2,857.50 is for alimony maturing weekly since February 6, 1941, decreed as due on stipulations of the parties and a former decree of the New York courts. These two items, with interest, aggregate

$3,792.78, the amount of the decree due as alimony. The New York courts have the power and authority, provided by statute, to alter, amend or nullify, not only alimony judgments previously entered, but each weekly maturing installment of alimony.

The alimony judgment in the sum of $675.00 as entered by the New York courts, and subsequent maturing installments of alimony, are each subject to revision by the New York courts and are therefore not a final judgment within the full faith and credit clause of the Federal Constitution. See 27 C.J.S. par. 328, p. 1279; Schouler on Marriage and Divorce, Vol. 2 (6th ed.) par. 1862, pp. 2014-15; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. E. 905; Bates v. Bodie, 245 U. S. 520, 38 S. Ct. 182, 62 L. Ed. 444; Yarborough, v. Yarborough, 290 U. S. 202, 54 S. Ct. 181, 78 L. Ed. 269; Loughran v. Loughran, 292 U. S. 216, 54 S. Ct. 684, 78 L. Ed. 542.

Where a foreign decree is subject to modification by the court in which it was entered, the Federal Constitution nor the principle of comity between States requires the enforcement thereof. Some of the authorities hold that the petition should allege the finality of the decree or judgment sought to be enforced. See Am. Jur. 576, par. 762.

Counsel for appellee contends that if the decree in the sum of $3792.78 cannot be sustained upon the theory that it is protected by the full faith and credit clause of the Federal Constitution, then it can or should be upheld under our previous ruling in Hagen v. Viney, 124 Fla. 747, 169 So. 391. It is pointed out that the agreement of the parties dated January 28, 1931, signed by them and recognized by the New York courts, coupled with the testimony in the record, constitutes ample evidence to sustain the challenged decree.

The agreemnt is viz:

"It is hereby stipulated by and between the parties hereto that the plaintiff's complaint shall be dismissed on the merits and that the plaintiff's reply to the defendant's counterclaims be withdrawn.

"Louis N. Lechner, the plaintiff here and the husband of the defendant, hereby agrees to pay to the defendant, at the office of Epstein & Smith, her attorneys, at Room 2133, No.

11 Broadway, Borough of Manhattan, New York City, alimony in the sum of $22.50 per week for her maintenance and support, said sum to be payable on Monday of each week, and Celia Lechner, the defendant herein and the wife of Louis N. Lechner, agrees to accept said sum.

"And it is further agreed between the parties that the judgment herein shall provide for the aforesaid payment and shall further provide that said sum is made pursuant to this stipulation, which shall be received by the Court in lieu of any proof as to the plaintiff's earnings and financial ability to support the defendant. Dated January 28, 1931."

The parties, by the stipulation, fixed alimony at the sum of $22.50 per week. It further provided that the stipulation "shall be received by the court in lieu of any proof as to the husband's earnings and his financial ability to support" his wife. It is reasonable to assume that such agreement will or can be materially affected by the running of time, and especially is it true after the elapse of some ten or twelve years. While it is true that other evidence appears in the record in support of the challenged decree, it does appear that too much weight was given to the agreement of the parties which was binding on the New York courts but not on the Florida courts.

Counsel for appellee contends that the allowance of attorney fees in the sum of $500.00 by the terms of the final decree should be sustained by our rulings in Miller v. Miller, 149 Fla. 722, 7 So. (2nd) 9; Rice v. Rice, 148 Fla. 620, 4 So. (2nd) 850. We have studied this contention in light of the cited authorities and the several provisions of the Chapter 21881, Acts of 1943, Laws of Florida. These authorities have no application to the facts here involved. It is our conclusion that the award to the wife in the sum of $3792.78 and counsel fees in the sum of $500.00 was erroneous, but otherwise free from error. It follows that the decree is affirmed in part and reversed in part, with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., and THOMAS, J., concur.

ADAMS, J., concurs specially.

ADAMS, J., concurring specially:

I concur also for the following additional reasons: that the claim for equitable relief, namely vacating the divorce decree, having failed the legal relief should be denied, also Gentry Futch Co. v. Gentry, 90 Fla. 595.

BUFORD, C. J., concurs.