## JACOB COHEN v. MAMIE COHEN

30 So. (2nd) 307  
April 29, 1947

January Term, 1947  
Special Division B

*Ross & Rinehardt,* for petitioner.

*Silver, Kaplan & Dietz,* for respondent.

BUFORD, J.:

On petition for certiorari under Rule 34 we review order denying motion to dismiss bill of complaint and appointing a Special Master for the purpose of taking testimony and reporting the same back to the court with his findings and recommendations.

The motion to dismiss was incorporated in the answer.

The bill of complaint sought a decree in chancery in Florida enforcing the payment of alimony decreed to the plaintiff in a divorce action in the Circuit Court for the County of Wayne, in the State of Michigan on the 3rd day of June, 1938, and under which plaintiff alleges that there was due at the time of the filing of the bill an accumulation of unpaid instalments in the sum of $4,000.00.

The answer, among other things, avers:

"Further answering the bill of complaint, the defendant denies that the final decree of divorce referred to herein is a final decree or judgment of the State of Michigan insofar as the money provisions therein contained are concerned, but the defendant says that under the laws of the State of Michigan the courts of said state are authorized and empowered to alter decrees for alimony from time to time respecting the amount, and also respecting the appropriation and payment, and that said courts may make any decree respecting any of said matters which such court might have made in the original suit

and by reason thereof said purported final decree entered by the Circuit Court for Wayne County in the State of Michigan is unenforceable in the State of Florida."

The bill of complaint does not disclose whether or not under the laws of Michigan the courts of said state are authorized and empowered to alter decrees for alimony from time to time respecting amount, nor whether or not under the laws of the State of Michigan the Circuit Court having jurisdiction of the cause in Michigan can modify or annul a part of the original decree, although the defendant was in default in the payment of the alimony required by the original decree. We are committed to the rule that unless the contrary be shown we will indulge the presumption that there is no law in the state involved giving a court of that state rendering the final decree authority to alter or change that decree as to past due instalments. See Boyer v. Andrews, 142 Fla. 462, 196 So. 825.

By his answer defendant seeks to overcome the presumption. This presumption cannot be overcome except by stipulation between the parties or by proof of the law of Michigan in this regard. If it be shown that the courts of Michigan have the power and authority provided by statute to alter, amend or nullify not only the alimony judgment previously entered but also each weekly maturing instalment of alimony, then the judgment is not final and within the full faith and credit clause of the Federal Constitution and will not constitute a legal basis to support the suit in Chancery in this state. See Lechner v. Lechner, 154 Fla. 114, 16 So. (2nd) 816 and cases there cited. On the other hand, if the court having jurisdiction of the cause in Michigan is without power or authority to alter, amend or nullify the decree here involved, then the Chancery Court in Florida may. acting under the full faith and credit clause of the Federal Constitution, enforce the payment because it is then a final judgment. Se McDuffie v. McDuffie, 155 Fla. 63, 19 So. (2) 511 and cases there cited.

So it is that under the state of the pleadings it is necessary for the court to determine from testimony to be taken whether or not the decree relied upon as the basis for the suit here was or was not a final decree or final judgment which will re-

quire this Court to accord to it full faith and credit under the Federal Constitution.

For the reasons stated, certiorari is denied and the cause remanded for further proceedings.

So ordered.

THOMAS, C. J., and CHAPMAN, J., concurs.

CHILLINGWORTH, Associate Justice, concurs specially.

CHILLINGWORTH, Associate Justice, concurring specially:

In the brief, counsel for petitioner, in referring to the hearing in the trial court, stated:

"The hearing, for want of a better word, was of short duration. The Chancellor summarily advised counsel that the State of Florida protected its women and, without being granted an opportunity to be heard, denied defendant's motion to dismiss, and without application referred the case to a special master for the taking of testimony and declared that he would limit the time for the taking of testimony. While the Michigan decree was entered almost nine years ago and from the pleadings no reason for delay in prosecution of the case was advanced, the Chancellor suggested that, if plaintiff's counsel desired, he would limit the time for taking testimony to forty-eight hours. At the conclusion of this session, he entered his order reflecting his thoughts."

Counsel for petitioner, in discussing the question of laches, also made the following statement in the brief:

"As a matter of truth and fact and dehors the record, she knew at all times the whereabouts of the defendant."

The record in this case consists of a bill of complaint, an answer incorporating the motion to dismiss, and an order of the court. The record is wholly devoid of any matters of fact beyond those contained in the pleadings before the court, and affords no basis for the statements made by counsel.

When one appeals from the judgment or decree of a trial judge, he impliedly represents that the record on appeal does reflect harmful error of the trial judge. His client, as well as the appellate court, has a right to consider an appeal such a representation. A record of the proceedings below is presented here to establish such error, and for no other purpose.

The record on appeal is made pursuant to the direction of

appellant (as well as appellee), who had the privilege of establishing the proceedings in the lower court by the Judge's certificate, the clerk's certificate, and, if these fail, there are other means. See 59.15 and 59.16, F. S. A.

The law intends that proceedings before the trial judge might be reviewed here, as they occurred below. When counsel, in oral argument or in brief, attempt to fortify the record on appeal by matters dehors the record, it has a great tendency to impress the appellate court that the appeal was improvidently taken, and that counsel is unwilling to rely upon the record to establish error. Without further reference to the impropriety of such action, it is evidence of weakness of position, and has a tendency to obscure the presentation of matters which might have merit.

THOMAS, C. J., BUFORD and CHAPMAN, JJ., concur.