SEBRING, Justice.
On August 1, 1951, Anna Elizabeth Leak brought suit in the Circuit Court for Dade County against Harry E. Wollc, her ex-husband, to recover past-due alimony and child-support money allegedly due and payable under a divorce decree rendered in the courts of Ohio in favor of the wife on June 30, 1950. In due course, the defendant filed an answer in the cause in which he denied that he was in default in the payment of said items to the plaintiff. Testimony was taken on the issues, and, on November 19, 1951, the special master filed his report in which he found the equities of the cause to be with the wife and that a decree should be entered in her favor for the amount of the past-due alimony and support money.
■ Before the cause came on for final hearing on the master’s report, the defendant, on January 3, 1952, filed a motion fór a ré-reference of the cause to the special master, upon the ground, among others, that if a re-reference were allowed, evidence and law would be submitted that the Ohio divorce decree, so far as it pertained to past-due alimony and support money, was subject to modification and change, under controlling Ohio law, and that, consequently, Florida courts were not required to give full faith and credit to such decrees.
Before the motion for re-reference was called on for hearing, the trial court, on January 23, 1952, entered a final decree, confirming the Master’s Report and Recommendations and adjudicating that as to the amount found to be due and owing by the defendant to the plaintiff for past-due alimony and support money under the Qhio decree the plaintiff should have an. equitable lien upon certain Florida property owned by the defendant.
The defendant’s motion for re-reference was finally heard by the trial court on March 5, 1952. At the conclusion of the hearing the trial court entered an order that the final decree of January 23, 1952 be “set aside, cancelled and held for naught”; and that the cause be re-referred to the master for the purpose of taking additional testimony and making findings and recommendations, upon the following conditions : “That as a condition precedent to the taking of the testimony * * * the [defendant is] required to deposit into the registry of this Court, the sum of Two Hundred and Fifty ($250.00) Dollars, which sum is to be utilized for the purpose of defraying the transportation expense of the plaintiff * * * in order that she may attend the hearings scheduled by the Special Master.”
No,effort was ever made by the defendant, in pursuance of the order of re-reference, to submit to the master any evidence . as to the state of the law in Ohio in respect to the modification of decrees for alimony and support money. Consequently, on March 5, 1953, the plaintiff moved the court to enter a final decree pursuant to the original findings and recommendations contained in the master’s report filed November 19, .1951.
Before this motion came on for hearing the defendant filed in the cause a paper call *500 ed an “answer to the plaintiff’s motion for final decree” to which were attached copies of certain pleadings filed in the Ohio divorce suit in a contempt proceeding instituted by the wife to compel the defendant to comply with the terms of the divorce decree ; namely, a motion filed in the proceeding by the defendant on October 13, 1950, to modify the original divorce decree of June 30, 1950, so far as jt pertained to support payments; and an order of the Ohio court, dated May 29, 1952, which contained the following adjudications:
“ * * * The [divorce] decree should be modified [to provide that] *. * * he [the defendant] shall pay, as support for the minor children * * * the sum of $30.00 per month for. each child, commencing as of July 1, 1952, payable on or before July 31, 1952, and until further order of Court. * * * Defendant is not in default of-alimony, or support and ibhere is no arrearage whatsoever on his part. * * In all other respects the terms of the decree shall remain in full force and effect * *
Subsequently, on March 16, 1953, the Dade County'Circuit Court entered a final order in which it decreed that the order of the court, dated March 5, 1952, by which said court had vacated the final decree of January 23, 1952, be set aside and vacated; that the said final decree be reinstated; and that all payments of money due or to become due under the terms of said final decree be deposited into the registry of the court.
An appeal has been taken from this order.
The rule is settled in this 'jurisdiction that foreign divorce decrees providing for alimony and support money are entitled to full faith and credit in Florida, to the extent1 that payments thereunder are accrued, unless the law of the state where the decree is rendered is such that said decree may be modified as to accrued installments. Boyer v. Andrews, 143 Fla. 462, 196 So. 825, and authorities cited; Cohen v. Cohen, 158 Fla. 802, 30 So.2d 307.
In a suit in this state upon a foreign divorce decree to enforce accrued installments the burden is upon the party defending the suit to make it appear that under the law of the state of rendition installments for alimony or child support do not become vested when they are due but are subject at all times to amendment, change or alteration. And in the absence of such a showing the presumption must be indulged that there is no such law. Boyer v. Andrews, Cohen v. Cohen, supra.
In the instant case the defendant made no effort either in his answer, or later, prior to the entry of'the final decree, to discharge this burden. After the trial coürt had set aside the final 'decree for the specific purpose of allowing him further time to produce evidence before the máster as to the state of the law in Ohio he made no effort to take advantage of this opportunity. It was only after a year had passed and the plaintiff had moved the trial court for the re-entry of a final decree upon the evidence appearing in the master’s report made over 12 months prior thereto, that the defendant first brought to the attention of the court the fact that approximately 10 months prior to the institution of the Florida suit a petition for modification of the divorce decree had been filed in the divorce proceeding in Ohio, which petition had not been ruled on until more than four months after the rendition of the original final decree in the Florida case.
Under these circumstances it appears to us that the- Dade County Circuit Court might well have acted within its legal discretion in ruling that the evidence as to the law of Ohio—if what was submitted by the defendant could be considered as evidence—was submitted too late.
But aside from this, there was nothing in the order of the Ohio court, made after the proceeding to collect accrued alimony and child support had been prosecuted to final and successful conclusion in Florida, that could have lawfully affected the final decree on the merits theretofore rendered by the Circuit Court for *501 Dade County. The finding of the Ohio court, in its modification order, was simply that “defendant is not in default of alimony or support and there is no arrearage. . * * ” Inasmuch as this modification order was entered in a contempt proceeding brought by the' wiffe to require the husbahd to make past-due alimony ' and child-support' payments, we think that the order of the Ohio court amounted to no more than a finding that under all the' circumstances as' they were shown to 'exist at the time of the hearing, the defendant should not be held in contempt for ' failure ' to máke said pay-rciénts.1 'And the 'law in Ohio is that while in contempt proceedings “a defendant' may [avoid] a finding of guilt o'f the charge if it * * * appeared that he was unable for any reason to pay the accuinulated arrear-age on the support decree,” such a finding will “not affect or-attempt to vacate or modify the extent of the. obligation enjoined upon him by the original .support decree.” Bush v. Bush, 82 Ohio App. 255, 75 N.E.2d 832, 834:
Some contention is made by the defendant that because, as shown by the cppy of the Ohio proceedings produced at the hearing of March 16, 1953, the petition for modification was filed ■ in the Ohio court prior to the institution of suit in Florida, the Florida court was thereby precluded from enforcing the Ohio decree.
We find no' precedent in the Ohio decisions, or elsewhere, for this contention advanced by ■ the defendant that the mere pendency-in the state o'f ‘rendition of a petition for modification of'-alimony and support money under a final decree of divorce .precludes the collection of accrued installments by suit in another jurisdiction. Our view of the law on this proposition is that where the law of the state of rendition is that accrued installments of alimony or Support money under its decrees may be modified at some subsequent date, that factor, and that factor alone, will prevent collection of accrued installments in the courts of another jurisdiction, under the full faith and credit clause, without regard to whether a petition has, or has not, been filed in the state of rendition prior to the institution' of suit in a foreign jurisdiction.
If the rule in this particular were as contended for by the defendant, it would lie within the power of every husband who is the unsuccessful litigant in a divorce action-to escape or ' evade payment of alimony or child support-by .the simple expedient of filing successive petitions for modificátion of such a decree, and then absenting him'self -from the jurisdiction. -
As we- understand the law of , Ohio, the statutes of that, sfate dealing with alimony and support decrees make no specific provision for the modification of sums already accrued. Section 3105.18, Baldwin’s Revised Code, Ohip. According to the case law of that jurisdiction, the rule :is that “accrued alimony payments are in the nature of judgments and are not subject to modification, unless the entry making the order specifically provides that past due as well as subsequent payments may be modified by the Court making the original judgment”. McPherson v. McPherson, Ohio App., 88 N.E.2d 814, 816, affirmed by opinion o'f the Supreme Court of Ohio, 153 Ohio St. 82, 90 N.E.2d 675, 94 A.L.R. 332. While we are aware that the cited case is not precisely on all-fours, factually, with the case presently before us, we think that a critical analysis of the opinion will disclose that it stands for the proposition stated. A study of other Ohio decisions in analogous situations confirms our judgment. Bush v. Bush, supra; Bowling v. Bowling, Ohio Com.Pl., 100 N.E.2d 725; Armstrong v, Armstrong, 117 Ohio St. 558, 160 N.E. 34, 57 A.L.R. 1108..
■ From the conclusions reached it follows ' that the 'decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.