ALLEN, Chief Judge.
The appellee, as plaintiff, obtained a divorce from appellant in the State of Maryland on February 26, 1948, and in addition to granting the divorce, the defendant-husband was ordered to pay $35 per week to the plaintiff as maintenance and support for the three minor children born of the marriage. The defendant made these weekly payments until June 1, 1948, but has not made any further payments since that time.
On October 15, 1958, the appellee filed an action in the lower court against the defendant-husband alleging the above matters and in addition that the Maryland decree is still in effect; that one of the children, David Raymond Edgar II, lived with the defendant from June, 1952, to June, 1953; that another child, Susan Jean Edgar, would become 21 years of age on May 25, 1959; that the third child, Jonathan Ross Edgar would become 21 years of age on August 17, 1965; that, therefore, the defendant should be required to pay all of the past due support money to plaintiff, who has supported the children except as above noted; and the plaintiff also requested the court to modify the support order for future support of the children who are still minors.
The answer of the defendant admitted the entry of the Maryland decree but alleged that under Maryland law the decree has at all times, since the entry thereof, been subject to be annulled, varied, modified, amended, and changed retroactively and, therefore, was not entitled to full faith and credit in this jurisdiction. In support of this contention, certain Maryland statutes and authorities were presented to the •lower court. After testimony was taken, ■briefs and stipulations of the parties were filed, the lower court then entered certain findings which provided in part:
“ * * * The portion of this [Maryland] statute relied upon by the defendant as authority for his alleged defense reads as follows:
“ ‘ * * * and [the court] may from time to time thereafter annul, vary or modify its decree or order in relating to such child or children.’
* * * !¡I * *
“It was stipulated and agreed that past due accrued installments for support and maintenance through 1958 amounted to the sum of $17,197.84; that since 1958 and through June 13th, 1960, the further additional sum of $1,225.00 accrued.
“The sole question for determination is as follows: Is the Maryland Decree providing for support and maintenance of children entitled to full faith and credit and enforceable by this court for the purpose of collecting accrued child support payments?
“The parties recognize the enforceability of the decree provided the decree cannot be retroactively, or ab. initio altered or amended as to accrued child support installments and also recognize its unenforceability in the event the same could be retroactively or ab initio altered or amended as to accrued child support payments.
“The presumption is that the Maryland decree is absolute, final and irrevocable and the burden is upon the defendant to prove otherwise.
“A review of the Maryland case law cited by the parties fails [to] remove the presumption of the decrees’ ir-revocability. All of the cases cited involved accrued alimony. They establish, without any question, that Maryland divorce decrees can be altered, changed or modified retroactively or ab initio as to accrued alimony. They justify this holding by classifying alimony as a ‘duty’ imposed upon a *587 husband. Actually, these cases indicate by way of ‘dictum’ that only accrued alimony payments can be altered or changed retroactively; that child support payments are a ‘debt’ and impose a specific legal liability upon the father. Certainly there is no similarity between the justification and reasons for alimony and the justification and reasons for child support. Their allowances are predicated on entirely different theories.
“It is the opinion of the Court that the word ‘annul’ appearing in the Maryland statute has no more retroactive or ab initio meaning than would the words ‘vary’ or ‘modify’. It cannot be said that the word ‘annul’ has a technical meaning nor can it specifically denote a retroactive or ab initio effect.”
The court subsequently entered a final decree holding that the defendant is indebted to plaintiff in the amount of $16,-941.81 for past due child support under the Maryland decree; that the defendant pay various sums to the plaintiff for child support from the time of the filing of the instant suit until the various children have reached the age of 21; and that defendant pay $3,500 attorneys’ fees to plaintiff or her attorneys. Thereafter the defendant appealed and raises a combined question as to whether the Maryland decree was a final decree and, as such, entitled to full faith and credit. The appellee has cross-assigned as error the refusal of the lower court to award interest on the past due support award.
Section 1 of Article 4 of the Constitution of the United States provides that “Full faith and credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State.” Congress was empowered to provide through general laws the manner in which such acts, records and proceedings should be proved, and the effect thereof. Accordingly, Congress has prescribed the mode of authentication in the execution of this power, and that such records and decrees so authenticated shall have such full faith and credit in every court within the United States, both state and federal, as they have by law or usage in the state from which they are taken. Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. The object of the full faith and credit clause and the act of Congress which implements it is to insure that if a decree or judgment has a certain effect in the state in which it is rendered, it shall have the same effect in every other jurisdiction. In view of this objective, it is, therefore, clear that a state is not compelled by the full faith and credit clause to give a divorce decree of a sister state a greater effect than it has in the state granting the decree; but, of course, the full faith and credit clause does not preclude a court from extending to such a decree a greater effect than it has under the law of the sister state. See Gaylord v. Gaylord, Fla.1950, 45 So.2d 507; 17A Am.Jur. Divorce and Separation, § 942.
 In determining whether the full faith and credit clause entitles the wife to sue in Florida to enforce a claim for arrears of periodic alimony payable under a decree of a sister state depends upon whether the court which entered the decree has the power to cancel the arrears or to modify the decree retrospectively. Or, in other words, the decree will be enforced if it possesses the requisite finality. It has long been settled in this state that foreign divorce decrees providing for alimony and support money are entitled to full faith and credit in Florida, to the extent that payments thereunder are accrued, unless the law of the state where the decree was rendered is such that the decree can be modified as to the accrued installments. Wolk v. Leak, Fla.1954, 70 So.2d 498; Cohen v. Cohen, 158 Fla. 802, 30 So.2d 307; Boyer v. Andrews, 143 Fla. 462, 196 So. 825. The Court pointed out in Wolk v. Leak, supra, in regard to the foreign decree:
*588 “In a suit in this state upon a foreign divorce decree to enforce accrued installments the burden is upon the party defending the suit to make it •appear that under the law of the state of rendition installments for alimony or child support do not become vested when they are due but are subject at all times to amendment, change or alteration. And in the absence of such a showing the presumption must be indulged that there is no such law. Boyer v. Andrews, Cohen v. Cohen, supra.” [70 So.2d 500.]
Pursuant to this burden of overcoming the presumption that in the instant case, Maryland could not cancel arrears or modify its child support decrees retrospectively, the defendant introduced several Maryland authorities and portions of statutes into evidence and has similarly presented these authorities to this court on appeal. Briefly, the defendant contends that the Maryland statute provides that the equity courts of that state have the power by statute to ‘annul, vary or modify’ decrees relating to custody or support of children; and that the court stated in Winkel v. Winkel, 178 Md. 489, 15 A.2d 914, 921, in regard to alimony:
“From a review of the decisions of this Court, it does appear that the effect of its decisions is to support the power in the court to make a. modification of a decree for alimony with respect to the unpaid instalments of past due alimony. * * * ”
The defendant next contends that Maryland courts and other courts have treated alimony payments and child support payments in the same manner as to present modification and that, therefore, although never having so ruled, Maryland would hold that past due child support payments could be retrospectively modified and annulled.
So far as we can ascertain from our own research, and as conceded by both parties in their, well-prepared briefs, Maryland has not passed directly on the amendability retroactively of a child support money decree. On the contrary, in Winkel v. Winkel, supra, the court pointed out that retroactive power of modification discussed therein is restricted to provisions in a decree for the payment of alimony.
The court in the Winkel case discussed a prior case, Marshall v. Marshall, 164 Md. 107, 163 A. 874, as being particularly in point t® illustrate that even though a sum in a divorce decree may be labeled “alimony,” if in fact it is not, a court does not have the power to modify the decree as in the case of an actual award of alimony. The term “alimony” has been defined by the Maryland courts: as not being a debt but generally speaking is a periodic allowance for the wife’s support and maintenance, Winkel v. Winkel, supra; as not being a debt but it is rather a duty growing out of the marital relationship and resting on sound public policy, Oles Envelope Corp. v. Oles, 193 Md. 79, 65 A.2d 899; as being an award made by the court for food, clothing, habitation, and other necessaries for maintenance of the wife and is a duty not a debt, Safe Deposit & Trust Co. of Baltimore v. Robertson, 192 Md. 653, 65 A.2d 292; and as being an award made by a court for food, clothing, habitation and other necessities for maintenance of the wife, Frank v. Frank, 207 Md. 124, 113 A.2d 411. It is noted that in each of these cases the award of alimony pertains to the maintenance of the wife. Thus any power to modify or set aside arrears in alimony would appear to be limited to money awards that relate solely to the wife and not to the care and maintenance of children born of the marriage, although the two awards have been discussed and treated similarly in Maryland cases.
The Maryland Court held in Knabe v. Knabe, 176 Md. 606, 6 A.2d 366, 371, 124 A.L.R. 1317, that although alimony and child support have certain aspects in common, the two items nevertheless are dis *589 tinguishable especially in regard to enforcement against the husband. The Court held that alimony and child support could be combined and identified as “alimony”; that true alimony is a duty on the part of the husband while child support arrears is a debt against the husband; and that alimony can be enforced by contempt and imprisonment but that the debt for child support could not be so enforced. More specifically, the Court stated in regard to the distinction:
“ * * * But the question still remains, is the combined allowance alimony, or in part alimony and in part an allowance for the support of the children. That it was intended to provide for the support both of the wife and of the children is obvious, but does that fact prevent its classification as alimony. The answer is important because of the difference in the remedies available for the enforcement of an allowance for alimony and an allowance for the support of children, since the payment of alimony is a duty and not a debt, Dickey v. Dickey, supra, 154 Md. page 681, 141 A. 387, 58 A.L. R. 634; 17 C.J. 507, while the obligation to pay an allowance for the support of children is, when required by a judicial decree only a debt, Bushman v. Bushman [157 Md. 166, 145 A. 488], supra. So that default may be punished by imprisonment in the one case but not in the other.”
After carefully considering the Maryland authorities, some of which have been discussed herein, we must conclude that the defendant has failed .to overcome the presumption of finality which is normally accorded to arrears in child support payments pursuant to a decree from a sister state. The Supreme Court of Florida has emphasized that this. state has no desire to furnish a legal haven for fugitive husbands, Sackler v. Sackler, 47 So.2d 292, 18 A.L.R.2d 856, and we might well add to that expression of public policy that an attempt to escape responsibility to pay child support is looked upon with equal disfavor.
The plaintiff cross-assigned as error the refusal of the chancellor to allow interest on the arrears in child support payments. The decree sought to be enforced is a Maryland decree but neither party has come forth with a Maryland decision permitting such interest allowance. We accordingly are of the opinion that in the instant case such a matter was within the sound discretion of the lower court.
For the reasons assigned, the judgment of the lower court is hereby affirmed.
Affirmed.
KANNER and SHANNON, JJ., concur.