TILLMAN PEARSON, Judge.
The appellant sued the estate of her deceased husband for arrears upon a support order entered by the Domestic Relations Court of the City of New York. The trial court dismissed the complaint, and this appeal followed. It is urged that the order for support is a judgment which may be the basis for a suit in Florida for arrears. Without considering the broader question of procedure (See Lechner v. Lechner, 1944, 154 Fla. 114, 16 So.2d 816), we affirm upon the holding of Reisman v. Reisman, Sup., 46 N.Y.S.2d 335 (1944).
In the Reisman case, the wife brought an action against the husband to recover arrears in payments awarded by the Domestic Relations Court of the City of New York. The New York Court found that the Domestic Relations Court was a statutory court and that its jurisdiction was limited and circumscribed by the statute which was enacted. He further found:
“Applying these tests, we find that an analysis of the Domestic Relations Court Act does not indicate any intent on the part of the Legislature to permit of the bringing of an action at law to recover outstanding arrears of payments ordered by that court nor to the entry of judgment for such arrears. * * * ” (46 N.Y.S.2d at 338)
Appellant suggests that, despite this holding, the death of her husband so limited the right of the Domestic Relations Court to modify the decree that it should now be considered final. The basis for this argument is the statement that the dead husband can no longer petition for a modification. While we are sympathetic with the appellant’s position, we have no authority to enlarge the rights conferred upon her by the New York Domestic Relations Court Act, McKinney’s Consol.Laws, c. 14. The primary basis for the New York decisions construing this Act has been the simple fact that the Act creates the exclusive remedy for enforcing its provisions. See Maxim v. Maxim, 203 Misc. 610, 118 N.Y.S.2d 541, 550 (1952). Therefore, the inability of the husband to petition for a modification of the order can have no effect upon the remedy available to the appellant.
Affirmed.