Hersey, Judge.
The parties were formerly residents of New Jersey where they were divorced in 1961. The husband was ordered to pay $65.00 per week alimony which was subsequently modified by agreement to $45.00 per week. Alimony payments were made until 1975 at which time the husband had become a resident of Florida. In 1977 the wife filed a complaint in Florida seeking to establish the New Jersey judgment as a Florida judgment and to obtain payment as arrearages. Summary final judgment was entered on March 5,1979 which contained a finding that the New Jersey divorce judgment was entitled to full faith and credit and declared the New Jersey divorce judgment a Florida judgment. The judgment further stated that “. . . the husband shall be liable under said judgment for alimony in the amount of $45.00 per week from October 12, 1965 for the duration of the obligation unless modified by a court of competent jurisdiction or by the written agreement of the parties.” The summary final judgment was not appealed, and is not now before us for review. In order to avoid confusion that might otherwise be engendered by our holding in this case, however, we deem it appropriate to add a word about our interpretation of the effect of that judgment. We find that the phrase “unless modified by a court of competent jurisdiction” simply refers to the fact that the continuing obligation in the New Jersey judgment remains subject to retrospective modification by the New Jersey court. The summary final judgment did not purport to *1119 determine that there were arrearages due and payable under Florida law. In fact, there were no arrearages until 1975. And, of course, the power of the New Jersey court to modify the alimony obligation does not extend to the Florida judgment and to periods of time subsequent to entry of that judgment. We need not speculate as to the effect of retroactive modification of the New Jersey judgment by a New Jersey court for a period also covered by the Florida judgment.
Subsequently, the wife filed a motion for contempt for failure to pay alimony for the period from July 16,1975 through March 1, 1979. The matter was referred to a general master whose report was accepted and adopted by the trial court requiring the husband to pay the arrearages. The husband appeals this judgment.
The issue we are called upon to determine is whether or not arrearages of alimony accruing under the judgment of a sister state are the proper subject of enforcement proceedings commenced in Florida either by virtue of full faith and credit or comity.
The simple answer is that it depends: if the installments of alimony become fixed and vested in the wife under the law of the rendering state so that they are no longer subject to modification, then the judgment is entitled to full faith and credit in Florida. There is a presumption under Florida law that past due installments are vested; in other words, that the law of the sister state is the same as the law in Florida which presumption may be overcome in the ordinary manner. On the other hand, if the rendering court retains jurisdiction to modify alimony retroactively then the judgment is not final and is not entitled to full faith and credit. The remedy in such a case is to establish the foreign judgment as a Florida judgment by virtue of comity and to seek prospective enforcement only.
We have refrained from citation of authorities for all of the foregoing only because the entire subject was carefully laid to rest by our Supreme Court in the case of Sackler v. Sackler, 47 So.2d 292 (Fla.1950). That case established the primary rules which govern cases such as the one at bar.
The record discloses and we find that under New Jersey law the court retains jurisdiction to modify past due installments of alimony. Accordingly, the summary final judgment was correct in establishing the New Jersey judgment as a Florida judgment and proceedings for prospective enforcement under applicable Florida law are appropriate. On the other hand, the later judgment of the trial court appealed from here requires payment of arrearag-es which accrued prior to establishment of the judgment in Florida.
The master’s report accepted and adopted by the trial court relies on two Florida cases as authorizing a departure from the Sackler rule. West v. West, 301 So.2d 823 (Fla.2d DCA 1974); Lazar v. Lazar, 317 So.2d 854 (Fla.2d DCA 1975). We do not so interpret those cases.
This Court in Courtney v. Warner, 290 So.2d 101, 105 (Fla.4th DCA 1974), reaffirmed that Sackler remains a viable precedent in conflicts cases in the following language:
Unless the law of the state where the decree is rendered is such that said decree may be modified as to past due or accrued installments, such decree is entitled to full faith and credit. (Citations omitted).
Accordingly, we affirm the judgment of the trial court requiring the payment of arrearages from March 1, 1979 to the date of the final judgment from which this appeal is taken. We reverse that portion of the judgment which awards arrearages accruing prior to March 1, 1979. We affirm in all other respects and remand with instructions to conduct such further proceedings as may be required to comply with this opinion.
We have considered appellee’s motion for attorney’s fees and in view of our determination of the issues on appeal, the motion is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DOWNEY and HURLEY, JJ., concur.