DELL, Judge.
Grace Gillespie Smith appeals from a final judgment denying her petition to domesticate a foreign Canadian divorce decree.
In 1974, a Canadian court entered a consent final judgment of divorce which required appellee to pay $112.50 per week as “alimentary allowance.” Under Canadian law, an alimentary allowance may be retroactively modified. In 1986, appellant filed a petition in the Circuit Court for Palm Beach County in which she sought domestication of the Canadian divorce decree and a judgment of arrearages against appellee in the amount of $20,025. After she filed the Florida action, she obtained an ex parte judgment in the Canadian court which awarded her $22,500 for alleged support arrearages. She amended her petition to seek domestication of that Canadian money judgment.
The trial court refused to domesticate the Canadian divorce decree based on its finding that under Canadian law, the support obligations could be modified retroactively. The trial court refused to domesticate the judgment for $22,500 because appellant obtained the judgment without notice to appellee. Notwithstanding these findings, the trial court granted appellee’s petition for modification of the Canadian divorce decree and relieved him of any further obligation to support the former wife or their son. We reverse.
The trial court misapplied Lechner v. Lechner, 154 Fla. 114, 16 So.2d 816 (Fla.1944) when it refused to domesticate the Canadian divorce decree. The court in Lechner said:
Where a foreign decree is subject to modification by the court in which it was entered, the Federal Constitution nor the principle of comity between States requires enforcement thereof.
Id. 16 So.2d at 819.
However, the supreme court in Sackler v. Sacfcler, 47 So.2d 292 (Fla.1950), recognized that under the New York Civil Practice Act the New York court had the power to modify a divorce decree as to unpaid as well as future sums due for support for the wife and children but held that the Florida court should have extended comity to the New York decree:
We hold, therefore, that under the rule of comity, as well as the principles of public policy involved in the obligation of a husband to support his wife and children, the New York decree, as to future installments, may be established as a local decree and enforced by those equitable remedies customary in the enforcement of our local decrees for alimony and support money, (emphasis added).
Id. at 294.
This court in Serko v. Serko, 385 So.2d 1117 (Fla. 4th DCA 1980) concluded:
[I]f the rendering court retains jurisdiction to modify alimony retroactively then the judgment is not final and is not enti- *1307 tied to full faith and credit. The remedy in such a case is to establish the foreign judgment as a Florida judgment by virtue of comity and to seek prospective enforcement only.
Id. at 1119.
Under the facts of this case, we hold that the trial court correctly refused to domesticate and enforce the Canadian divorce decree as to the past-due support payments, but erred when it failed to extend the rule of comity to domesticate the decree and to prospectively enforce the terms of the judgment. We also reverse that part of the final judgment which relieved appellee of any further obligation to support the former wife or their son.
Finally, appellant conceded that the trial court had the right to deny domestication of her subsequently obtained money judgment, because of lack of notice to the husband. Therefore we affirm that part of the trial court’s order which denied enforcement of the $22,500 judgment.
Accordingly, we reverse and remand this cause for further proceedings not inconsistent herewith.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
WALDEN and POLEN, JJ., concur.