PER CURIAM.
This case involves a Massachusetts final judgment which was domesticated by a Florida court and the court’s subsequent decision not to consider the former wife’s request for a judgment for arrearage. We reverse.
The trial court domesticated a Massachusetts final judgment which required the former husband to pay alimony. Thereafter, both the former husband and former wife moved the Florida court to modify the final judgment. Additionally, the wife sought to enforce the final judgment based on the former husband’s failure to pay. The Florida trial court modified the husband’s alimony downward, denied the former wife’s request for contempt, and reserved jurisdiction to determine the manner in which the former husband is to pay the former wife the current alimony arrearage.
When the former wife moved the court to act upon its reservation regarding the “current alimony arrearage”, the former husband moved to dismiss the motion. He contested the trial court’s jurisdiction over the arrear-ages at issue and challenged the sufficiency of the former wife’s pleading for such arrear-ages. While the trial court bought appellee’s arguments and dismissed the case, we find appellee’s arguments completely untenable.
The trial court had jurisdiction because the former wife sought alimony arrear-ages only for unpaid arrearages accruing after the trial court domesticated the final judgment. Smith v. Smith, 543 So.2d 1305 (Fla. 4th DCA 1989), Serko v. Serko, 385 So.2d 1117 (Fla. 4th DCA 1980). Cf. Kozlik v. Kozlik, 416 So.2d 481 (Fla. 4th DCA 1982). That is, the amount of alimony arrearages was based on the Florida domesticated judgment as retroactively modified by the Florida court. The trial court has inherent jurisdiction to enforce its own orders. In fact, during the hearing below, the former husband’s counsel advised that he would concede jurisdiction if the former wife’s counsel could show that the former wife pled for the alimony arrearage as opposed to simply pleading for contempt.
We also find that appellee’s claim that the issue was not properly raised lacks merit. Both contempt and arrearage actions are based on a payor’s failure to pay court ordered sums. The former wife pled that the former husband failed to pay the court ordered alimony. She specified the sum and asked the court to give the former husband an opportunity to purge by paying a reasonable sum for the alimony arrearages. We find that the former wife sufficiently pled for the alimony arrearage. Additionally, it is axiomatic that every complaint is considered to pray for general relief. Ordinarily, it is the facts alleged, the issues, and the proof, not the form of the prayer for relief, which determine the nature of the relief to be granted. Chasin v. Richey, 91 So.2d 811 (Fla.1957). Finally, there was no surprise to the former husband that he might be liable for something as he had not paid any alimony at all to the wife. The former husband even conceded below that he was using a “technicality” to relieve him of his obligation. Fortunately, the law is not so technical as to allow this to happen.
Reversed and remanded for further proceedings.
GUNTHER, WARNER and FARMER, JJ., concur.