KLEIN, Judge.
As a result of HRS filing a petition for adjudication of dependency alleging abuse and neglect, S.C. and J.F. were placed in shelter care with Mr. and Mrs. Muller. After the trial court found that HRS failed to prove its case, it vacated the shelter orders and dismissed the petition with prejudice. The court did not, in the dismissal, specifically provide that the children were to be sent home.
J.F. was returned to the appellant parents, but S.C., a teenager, did not return. The parents filed motions and a petition for writ of habeas corpus a few months later, alleging that the Mullers, acting as agents of HRS, allowed S.C. to travel to Massachusetts to reside with his maternal aunt, Patricia Adams, in order to circumvent the effect of the dismissal of the dependency proceedings. The petition and motions, among other things, sought enforcement which presumed that the dismissal required S.C.’s return. The trial court, concluding that it had no jurisdiction because of the finality of the dismissal, dismissed the motions and the petition. We reverse.
Trial courts have “inherent jurisdiction” to enforce their own orders. Raskin v. Raskin, 625 So.2d 1314 (Fla.4th DCA 1993); State ex rel. Pearson v. Johnson, 334 So.2d 54 (Fla.4th DCA 1976). In addition, section 39.41(8), Florida Statutes (1993), provides:
The court may at any time enter an order ending its jurisdiction over any child, except that, when a child has been returned to his parents pursuant to subsection (7), the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department or agency and any other relevant factors, the court shall then determine whether its jurisdiction should be continued or terminated in such a case; if its jurisdiction is to be terminated, the court shall enter an order to that effect.
Although HRS and the Mullers both maintain that the trial court did not have jurisdiction, their counsel acknowledged at oral argument that the return of S.C. was clearly intended by this order, since the dismissal of the proceedings could have no other result. HRS also conceded in the court below that there should be an evidentiary hearing on the parents’ motions and petition.
In light of the fact that the court did not provide in the dismissal order that its jurisdiction was ended, as it could have done under section 39.41(8), and in view of the court’s inherent power to enforce its orders, we conclude that the trial court had jurisdiction to order the return of S.C. and to grant such other relief as might then be appropriate.
We therefore reverse and remand for further proceedings.
DELL and PARIENTE, JJ., concur.