MARY BOYER, an Unmarried Woman, for the Use and Benefit of Delos W. Boyer, a Minor, by His Next Friend, Mary Boyer, an Unmarried Woman, v. HELEN C. ANDREWS, as Administratrix of the Estate of Delos W. Boyer, Deceased.

196 So. 825

Opinion Filed June 21, 1940

*Carey & Harrison,* for Plaintiff in Error;

No Appearance for Defendant in Error.

PER CURIAM.—This writ of error brings for review final judgment on demurrer, dismissing plaintiff's action.

Mary Boyer, for the use and benefit of and as the next friend of Delos Boyer, a minor, brought an action at law against Delos W. Boyer, the father, in the Circuit Court of Pinellas County, Florida, to recover past due installments for support and maintenance of said minor, awarded under an Illinois decree.

The single-count declaration alleged in substance that on or about June 26, 1925, in the Superior Court of Cook County, Illinois, in a suit wherein Mary Boyer as plaintiff was suing Delos W. Boyer (the father), a certain judgment and decree was entered providing in part that Mary Boyer

shall have the care, custody and education of the child, Delos W. Boyer, but that said defendant, Delos W. Boyer (the father), shall have the right to have said child during the months of July and August of each year, and that Delos W. Boyer (the father) pay to Mary Boyer $10.00 per week for the support and maintenance of said minor child until further order of the court; that although said judgment was rendered by a court having full jurisdiction of the parties and the subject matter and was a personal judgment against said defendant, who is the same defendant in this suit, yet he has failed and refused and does fail and refuse to pay said judgment and the amount provided therein to be paid by him; that said judgment is in full force and effect, and defendant owes plaintiff for the use and benefit of Delos W. Boyer, a minor, the sum of $10.00 per week from June 26, 1925, to the present time, which sum thus due amounts to $6,160.00, wherefore plaintiff claims $10,000.00 damages.

Defendant demurred to the declaration on the grounds that (1) the declaration affirmatively shows a want of jurisdiction over the subject matter, (2) the declaration fails to state a cause of action at law, and (3) that the matters complained of in said declaration are cognizble only by a court of chancery, if at all.

Final judgment was entered sustaining the demurrer, and upon plaintiff's declaration to amend her declaration, the action was dismissed, and defendant was awarded his costs against plaintiff.

Writ of error was taken to that judgment.

Upon suggestion of the death of Delos W. Boyer (the father) on March 26, 1938, after the case had been brought here by writ of error, an order was entered permitting substitution of party defendant in error. Thereafter, pursuant to that order, Helen C. Andrews represented that she had

been legally appointed and was acting as administratrix of the estate of Delos W. Boyer, deceased, and she, in her representative capacity, was substituted as party defendant in error.

There is before this Court only the record and the brief of plaintiff in error, no brief having been filed by defendant in error.

The sole question to be determined is: When a court of another State, having jurisdiction of the parties and of the subject matter, orders a defendant to pay a stated sum each week for the support and maintenance of his minor child, and he fails and refuses to do so, and moves his residence to this State, does a circuit court of this State have authority and jurisdiction to entertain a common-law action based upon the past-due installments which have accrued under said foreign judgment and decree?

In Beale's work on Conflicts of Laws we find the following:

"A valid foreign judgment for alimony in a lump sum, being an ordinary money judgment, will be enforced. Where, however, the alimony takes the form of an ordinary decree that so much be paid weekly or monthly until further order the case is different. As to installments not yet due it is clear that no order can be made. Even as to installments overdue it was generally held at first that, since the decree could be modified at any time, it was never a final judgment, and nothing could be recovered on it. But later it was held that recovery could be had if the court that rendered the decision could not modify it as to installments already due, though if it had the power of modification as to installments already due no action would lie on the judgment in another State. Finally, most of them following the case of Sistare v. Sistare (218 U. S. 1, 30 Sup. Ct. 682,

54 L. Ed. 905, 28 L. R. A. [N. S.] 168, 20 Ann. Cas. 1061), it was held that action would lie on a foreign judgment as to unpaid installments if in fact the first judgment had not been modified as to these installments. Where action is allowed on a foreign decree for care of children, the course of decision is similar." 2 Beale, Conflicts of Laws 1392, Sec. 435.2.

In the case of Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 168, 20 Ann. Cas. 1061, the Supreme Court of the United States held:

"A decree for the future payment of alimony is, as to installments past due and unpaid, within the protection of the full faith and credit clause of the Federal Constitution, provided that no modification of the decree was made prior to the maturity of such installments, unless by the law of the State in which the decree was rendered its enforcement is so completely within the discretion of the courts of that State that they may annul or modify the decree, even as to overcome any unsatisfied installments."

"A judgment enforceable in the State where rendered must be given effect in another State, under the full faith and credit clause of the Federal Constitution, although the modes of procedure to enforce its collection may not be the same in both States."

In discussing and reconciling two of its previous decisions (Barber v. Barber, 21 How. 582, 16 L. Ed. 226, and Lynde v. Lynde, 181 U. S. 187, 21 Sup. Ct. 555, 45 L. Ed. 814) that were thought by counsel there to be in conflict, the Supreme Court of the United States in the case of Sistare v. Sistare, *supra,* said:

"We think the conclusion is inevitable that the Lynde case cannot be held to have overruled the Barber case, and therefore that the two cases must be interpreted in harmony,

one with the other, and that on so doing it results: First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the State in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony has been made prior to the installments becoming due."

It has been held that so long as a judgment for alimony payable in installments is absolute in its terms and remains unmodified or, at least until an application for modification has been made, it is final as to installments which have accrued and is entitled to full faith and credit in the courts of a sister State in an action founded upon it. Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415. This has likewise been held to be true where a final decree refusing to grant a divorce to either party is appealed, and pending disposition of the appeal the Supreme Court orders payment of temporary alimony to the wife, and the Supreme Court later affirms the decree without mentioning suit money in the affirmance decision. Paul v. Paul, 121 Kan. 88, 245 Pac. 1022, 46 A. L. R. 1197.

It has also been held that a judgment for alimony payable in installments, rendered upon entering a decree for divorce, constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony. Armstrong v. Armstrong, 117 Ohio St. 558, 160 N. E. 34, 57 A. L. R. 1108. In the body of that opinion the court said:

"In the absence of modification the judgment is enforceable as awarded. Is the wife to be precluded from the enforcement of her judgment in another State, where the husband has become a resident, because perchance he would have been permitted to file an application for modification thereof had he felt disposed to submit himself to the jurisdiction of that court? The language of the Supreme Court of Kentucky in the case of Parks v. Parks, 209 Ky. 127, 272 S. W. 419, the last case decided by that court on the subject, is pertinent: 'If the husband moves out of the jurisdiction of the court, and so remains continuously for a long period of time, he renders the statute nugatory and the court without power to act further. Such a litigant ought not be permitted to evade the letter and spirit of the statute as applied to himself, and at the same time use it as a weapon against his helpless adversary.'"

In the absence of a showing of any law to the contrary in the sister State, a decree final in form is presumed to be absolute and irrevocable. Alexander v. Alexander, 164 S. C. 466, 162 S. E. 437, 82 A. L. R. 719. In the latter case the South Carolina Supreme Court said:

"No evidence was offered at the hearing of this case on its merits, and on plaintiff's motion to prove power or authority of the Maryland courts to alter one of its decrees as to installments of alimony which have accrued and are in arrears; nor was it shown or contended that any application for a modification of the decree had been made before the institution of the instant proceeding. The finality of the Maryland decree as to the right of the plaintiff to payments fully matured under its provisions must be presumed when there is no proof of any Maryland law to the contrary. The obligation to give full faith and credit to the decree sued on does not permit an assumption that the right which it declared and secured was subject to the unexpressed, unproved and retroactive power of revocation."

It was decided in Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 168, 20 Ann. Cas. 1061, that the full faith and credit clause of the United States Constitution applies to an unalterable decree of *alimony for a divorced wife* so that it may be enforced in a sister State. The full faith and credit clause applies likewise to an unalterable decree for *support and maintenance of a minor child.* Yarborough v. Yarborough, 290 U. S. 202, 54 Sup. Ct. 181, 78 L. Ed. 269, 90 A. L. R. 924.

It has been held that power retroactively to modify provisions of a divorce decree with respect to alimony or the support of children, so as to increase or reduce the amount of installments after they become due, is not conferred by a statute authorizing the court to amend, revise and alter such provisions as may be just and as the circumstances of the parents and the welfare of the children may require. Adair v. Superior Court in and for Maricopa County, 44 Ariz. 139, 33 Pac. (2d) 995, 94 A. L. R. 328. In the latter case the court said:

"Installments of alimony become vested the moment they are due and the court has no power to modify the decree as to them. The rights and liabilities of the parties in such instances become irrevocably fixed on the dates the decree provides they shall be paid, and the inevitable effect of this is that the power to 'amend, change or alter' a provision of the decree requiring the care, custody or maintenance of the children has no reference to installments that are past due and unpaid.  Beers v. Beers, 74 Wash. 458, 133 Pac. 605, 607; Delbridge v. Sears, Judge, 179 Iowa 526, 160 N. W. 218."

The rule in a vast majority of the States is that installments of alimony to the wife or of support and maintenance to minor children become vested when they become due and the court has no power to modify the decree as to them, although there are a few jurisdictions holding a contrary view.  See 94 A. L. R. 332, 333, note and cases cited.

The final decree of the Superior Court of Cook County, Illinois, after decreeing to Mary Boyer a divorce from Delos W. Boyer, contained the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said complainant, Mary Boyer, shall have the care, custody and education of said child, Delos W. Boyer, but the said Delos W. Boyer shall have the right to have said child during the months of July and August in each year.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Delos W. Boyer, pay to the complainant, Mary Boyer, the sum of Ten Dollars ($10.00) per week for the support and maintenance of said minor child until the further order of this court.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complainant, Mary Boyer, shall be forever barred from making any claim for alimony against the defendant, Delos W. Boyer.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the order heretofore entered by this Court giving the complainant temporary alimony and solicitor's fees be vacated and set aside and declared for naught, from the date of its entry.                    "JOSEPH SABATH, Judge."

Under the decisions cited and quoted above, this final decree of the Illinois court for support and maintenance of defendant's minor child, was final and absolute in form. Upon its face it is irrevocable as to installments that are past due. Of course the decree provided that $10.00 per week be paid by defendant for the support and maintenance of his minor child "until further order of this Court;" but so far as is shown by the record before us that related to future installments only. Neither is it made to appear in the record before us that any order changing the final decree, nor any application for such an order had ever been made. No showing is made that there is any law of the State of Illinois giving a court of that State rendering the final decree authority to alter or change that decree as to past due installments for support and maintenance of a minor child. In the absence of such showing the presumption must be indulged in that there is no such law. Alexander v. Alexander, 164 S. C. 466, 162 S. E. 437, 82 A. L. R. 719. A statute authorizing the court to "amend, change or alter" a decree providing for support and maintenance of a minor. child payable in installments, would not authorize the court to change any installments that were past due. See Adair v. Superior Court in and for Maricopa County, 44 Ariz. 139, 33 Pac. (2d) 995, 94 A. L. R. 328. There is no difference in the law in regard to changing a decree for *alimony* and in regard to changing a decree for *support and maintenance of a minor child*. Yarborough v. Yarborough, 290 U. S. 202, 54 Sup. Ct. 181, 78 L. Ed. 269, 90 A. L. R. 924.

It must be remembered that this cause comes before us on demurrer sustained to the declaration. The demurrer admits all allegations of the declaration that are well pleaded. The declaration alleges that said Illinois judgment "was rendered by a court having full jurisdiction over the parties and the subject matter," and that "said judgment is in full force and effect." These allegations must be taken to be true upon demurrer. The effect of this last quoted allegation of the declaration is that no modification of the final decree of the Illinois Court has ever been made. It appears that the allegations of the declaration are sufficient to invoke the jurisdiction of the Circuit Court of Pinellas County, Florida, under the full faith and credit clause of the Federal Constitution.

The judgment below is reversed with directions that the demurrer be overruled, and that such further proceedings may thereafter be had as are not inconsistent with the views herein expressed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.