122 So.2d 589 (1960)
Julius MILLER, Appellant,
v.
Lois Miller SHULMAN, Appellee.
No. 59-229.
District Court of Appeal of Florida. Third District.
July 21, 1960.
Rehearing Denied September 16, 1960.
Hilery F. Silverman, Miami Beach, for appellant.
Fischbach & Lurie, Miami, for appellee.
HORTON, Chief Judge.
This is the second appearance of this cause in this court. See Shulman v. Miller, Fla.App. 1958, 107 So.2d 274.
The appellant husband, defendant below, seeks review of a final decree and an amendment to the final decree entered subsequent to the entry of a decree pro confesso. By the terms of the final decree, the chancellor provided in part:
"* * * that defendant Julius Miller, now residing at Green Bay, Wisconsin, be and he hereby is required and directed to pay to plaintiff Lois Miller Shulman forthwith the sum of $8,650 for child support and medical expenses accrued under and pursuant to the terms of the judgment rendered by the Circuit Court for Brown County, Wisconsin, and in arrears at the commencement of this action, * * *."
The arrearage of $8,650, together with other sums awarded were reduced to a money judgment by the decree.
*590 The amendment to the final decree modified the final decree to the extent that the defendant was credited with the sum of $250 per month for the period of time that he provided support and maintenance for the minor son of the parties elsewhere than with the plaintiff.
Having heard argument of counsel and upon consideration of the record and brief submitted, we conclude that only one point raised by the appellant requires discussion, i.e., whether or not the chancellor erred in the entry of a final judgment for arrearages based upon the foreign divorce decree. By the terms of the foreign decree of divorce, the defendant was ordered to pay for support of the two minor children of the parties in the sum of $37.50 each per month and was further ordered to pay all medical expenses of said children. Upon stipulation of the parties, this decree was amended in May, 1951, whereby the defendant was ordered to pay as support for the minor children the sum of $115 per month for the months of June, July and August, 1951, and the sum of $125 per month commencing in September, 1951, and thereafter until further order of the court. The plaintiff in the second count of her complaint sought past due support and medical bills which had been awarded by the Wisconsin decree. The appellant contends that Florida courts cannot enter a judgment respecting past due installments of support money which have not been reduced to judgment in the courts of the rendering sister state, and relies upon Sackler v. Sackler, Fla. 1950, 47 So.2d 292, 18 A.L.R.2d 856. He further points out that there is no evidence in the record to indicate that such past due installments had been reduced to judgment in the State of Wisconsin.
The rule appears to be well settled in this jurisdiction that foreign divorce decrees providing for alimony and support money are entitled to full faith and credit in Florida, to the extent that payments thereunder are accrued, unless the law of the state where the decree is rendered is such that said decree may be modified as to accrued installments. Boyer v. Andrews, 143 Fla. 462, 196 So. 825; Cohen v. Cohen, 158 Fla. 802, 30 So.2d 307; Wolk v. Leak, Fla. 1954, 70 So.2d 498; and see Watson v. McDowell, Fla.App. 1959, 110 So.2d 680. It appears to be equally settled by these authorities that in a suit to enforce accrued installments, the burden is upon the party defending the suit to make it appear that under the law of the state of rendition, installments for alimony or child support do not become vested when they are due but are subject at all times to amendment, change or alteration. "In the absence of a showing of any law to the contrary in the sister state, a decree final in form is presumed to be absolute and irrevocable." Boyer v. Andrews, supra [143 Fla. 462, 196 So. 828]. There is nothing in the pleadings or otherwise in the record of this cause to show that the appellant relied upon any Wisconsin law providing for increasing or reducing the amount of the support payments after they became due. The absence from the record of both pleading and proof of foreign law precludes our consideration of this contention raised for the first time in appellant's brief. Kingston v. Quimby, Fla. 1955, 80 So.2d 455. Nor does the uniform judicial notice of foreign law act, § 92.031, Fla. Stat., F.S.A., apply since it does not act automatically. See Aboandandolo v. Vonella, Fla. 1956, 88 So.2d 282.
Other questions raised by appellant have been considered but found to be without merit.
The decree appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.