HENDRY, Judge.
Plaintiff-appellant Priscilla Harper Vil-lano seeks review of portions of two final judgments entered pursuant to motions for summary judgment which dismissed Counts II and III and denied as a matter of law plaintiff’s request for the amount of attorney fees as an element of recovery against the defendant.
Appellant sued defendant-appellee Henry L. Harper, her former husband. Count I of her amended complaint sought to establish two Colorado divorce decrees [1] as Florida judgments, to obtain future enforcement of child support provisions therein for her two children, and to obtain a judgment for unpaid, past-due child support. Counts II and III were alternative causes of action for past-due child support which sought to establish two Colorado child support arrearage judgments as Florida judgments.
The defendant was personally served in the Colorado divorce action, but was not given notice of the later Colorado proceedings resulting in child support ar-rearage judgments. Defendant has contended that the defenses of part payment and of laches are applicable to amounts herein.
To begin with, an unalterable decree of alimony for a divorced wife as well as an unalterable decree for support and maintenance of a minor child entered by a sister state are enforceable in Florida. Boyer v. Andrews, 143 Fla. 462, 196 So. 825, 828 (1940).
Florida indulges in the rebuttable presumption that the courts of a sister state have no authority to alter a final decree as to past due installments for child support. Boyer v. Andrews, supra, at p. 829. In the instant case appellant wife, in an abundance of caution, actually introduced uncontroverted evidence that under Colorado law, upon entry of a Colorado divorce decree directing installment child support payments to be made, each installment becomes a final judgment debt as it matures, and these are unmodi fiable.
In Sackler v. Sackler, Fla.1950, 47 So.2d 292, the Florida Supreme Court held that upon principles of comity and public policy, future installments of support for the wife and children may be established as a local (Florida) decree and may be enforceable by equitable remedies customary for the enforcement of local decrees for alimony and support money. Equitable defenses are assertable as to future installments when the foreign divorce decree is reduced to a local decree. Id., at p. 295.
Appellant contends that the court erred in dismissing Counts II and III which sought to establish the Colorado judgments for arrearages for child support under that state’s divorce decree as Florida judgments. We find no merit in this contention since it appears that the appellee received no notice of the Colorado proceedings wherein the arrearage judgments were rendered. Johnson v. Muelberger (1951), 340 U.S. 581, 587, 71 *207 S.Ct. 474, 95 L.Ed. 552, 557. See also Williams v. North Carolina [II] (1944), 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Sherrer v. Sherrer (1948), 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355.
Plaintiff’s next contention is that the lower court erred in denying as a matter of law plaintiff’s request for the assessment of attorneys fees as an element of recovery against defendant. We agree. The lower court did have authority to award such fees; § 65.16, Fla.Stat., F.S. A.; Sackler v. Sackler, Fla.1950, 47 So.2d 292, 295-296. Because this cause is being remanded, we direct the trial judge to fix counsel fees for services at trial and on appeal.
For the reasons stated, we affirm the dismissal of Counts II and III and reverse that portion of the judgment declining to award attorneys fees, and remand with directions to the trial court to fix counsel fees for services rendered in the trial and appellate courts.
Affirmed in part, reversed in part, with directions.

. In Colorado the courts enter interlocutory and final divorce decrees; these are the decrees sought to be established as Florida judgments.