290 So.2d 101 (1974)
Judy A. COURTNEY, Appellant,
v.
Samuel O. WARNER, Appellee.
No. 73-644.
District Court of Appeal of Florida, Fourth District.
February 22, 1974.
*102 Bill McCabe of Meyers Mooney & Adler, Orlando, for appellant.
Andrew C.B. Baron of Baron & Gibson, Orlando, for appellee.
MAGER, Judge.
This is an appeal by Judy A. Courtney, plaintiff below, from a final judgment entered in favor of Samuel O. Warner, defendant below, wherein the trial court found that a decree modifying child support payments rendered in the State of Tennessee was not entitled to full faith and credit in Florida.[1]
The pertinent facts in the record reflect that the plaintiff and defendant were married to each other in August 1955 and were divorced in January 1958 in Anderson County, Tennessee. At the time of the divorce the parties had one minor child. The divorce decree which was entered before the defendant went into military service is not being contested. The decree provided for child support payments of $10.00 a month to be paid plaintiff.
In 1959 plaintiff sought to have the divorce decree modified by having the child support payments increased from $10.00 to $51.30 per month. Defendant was on active duty in the United States Air Force stationed in New Mexico at the time. Although the defendant was served with process advising him of the modification proceedings, no appearance was made nor was there any other response to the summons. The defendant, having defaulted in his appearance, the trial court for Anderson County, Tennessee, entered a decree on May 19, 1959, increasing child support payments.
Plaintiff admits that prior to the entry of the default no affidavit was filed to indicate whether or not the defendant was in the armed services. Notwithstanding his failure to appear or otherwise defend, the record below reflects that beginning in June 1959 through and including December 1959, the defendant made payments in accordance with the decree; however, beginning in September 1959, defendant reduced his payments to $34.25.[2] The reduced payments continued until March 1963 when they halted. The payments then resumed in September 1963 until June 1972.[3]
Ultimately the plaintiff filed a petition before the Circuit Court in Orange County seeking to enforce the 1959 foreign decree *103 rendered by the Tennessee Court and alleging that defendant was in arrears in the amount of $4,000.00. It is from the final judgment dismissing plaintiff's petition that this appeal ensued.
As a basis for denying relief the trial judge made the following determination:
"Defendant at the time of the final decree of May 19, 1959, sought to be enforced herein was procured after decree pro confesso being entered, was an active duty member of the United States Air Force stationed in Albequerque (sic), New Mexico, pursuant to military orders and therefore enjoyed the protection of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended and that said Defendant was not afforded the procedural and substantive safeguards as provided by U.S.C.A. 520."[4]
In reviewing the Soldiers' and Sailors' Civil Relief Act of 1940 and the cases construing the provisions thereof, we are of the opinion that the trial court erred in dismissing plaintiff's petition on the basis set forth in the final judgment.
The pertinent provisions of Sec. 520 of the Soldiers' and Sailors' Civil Relief Act of 1940 are set forth as follows:
"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interests, and the court shall on application make such appointment.
* * * * * *
"(4) If any judgment shall be rendered in any action or proceeding governed by this action against any person in military service during the period of such service or within thirty days (30) days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety (90) days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." (Emphasis added.)
The cases set forth in the Annotation to Section 520 uniformly hold that a default judgment entered in violation of that section is not void but merely voidable at the instance of the serviceman; such judgment upon application of the affected party may be vacated by the court rendering the same *104 when it is made to appear (1) that the defendant was prejudiced by reason of his military service in making his defense, and (2) that the defendant has a meritorious or legal defense to the action. 50 U.S.C.A. App. § 520, notes 11 and 12. See also Thompson v. Lowman, 1958, 108 Ohio App. 453, 155 N.E.2d 258; La Mar v. La Mar, 1973, 19 Ariz. App. 128, 505 P.2d 566; Rentfrow v. Wilson, D. of C. Ct. of App. 1965, 213 A.2d 295; Unsatisfied Claim and Judgment Fund Bd. v. Fortney, 1972, 264 Md. 246, 285 A.2d 641; Allen v. Allen, 1947, 30 Cal.2d 433, 182 P.2d 551; 54 A.L.R.2d 390.
Although voidable, such judgment is valid and binding and unless vacated pursuant to the provisions thereof is entitled to recognition under the principles of full faith and credit. See 19 Fla.Jur. Judgments and Decrees, Sec. 339, et seq; 10A Fla.Jur. Dissolution of Marriage, Sec. 396 et seq. In Rentfrow v. Wilson, supra, the District of Columbia Court of Appeals held, in part, as follows, 213 A.2d at pp. 295, 296:
"Appellant claims that as he was on active duty in the United States Navy at the time of the Virginia action, no valid judgment could have been entered against him. There is no merit to this contention. It is true that the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix § 520, protects servicemen from the entry of default judgments which they cannot properly defend because of their military duties. The Act further stipulates that if the safeguards contained therein are ignored, a default judgment taken against a serviceman, who was prejudiced in making his defense, can be set aside upon application to the court which rendered the judgment, provided the application is made within ninety days of his discharge from the service. However, it has been consistently held that judgments entered in violation of the Act are merely voidable and not void, and that a serviceman's failure to have a judgment vacated pursuant to the Act makes it valid and binding. Thus, if there were any irregularities in the Virginia action which violated provisions of the Soldiers' and Sailors' Civil Relief Act, appellant should have moved to have the judgment set aside in the Virginia court. Since he did not do so, the trial court was correct in recognizing the judgment as valid." (Emphasis added.)
The defendant having failed to vacate the decree of May 19, 1959, in accordance with the procedure prescribed in Section 520, such decree was valid and binding; and it was error for the court to dismiss the plaintiff's petition on the basis that "the defendant was not afforded the procedural and substantive safeguards as provided by U.S.C.A. § 520." On the contrary, every action of the defendant reflected knowledge of the proceeding and an effort to comply therewith.
Although the decree is valid, the extent to which it is entitled to full faith and credit will be dependent upon the nature of the judgment sought to be enforced. A foreign judgment or decree to be entitled to full faith and credit must be final; where such judgment or decree is interlocutory and subject to modification (by the court that rendered it) such decree is not required to be enforced under the principles of full faith and credit particularly as to facts and conditions arising subsequent thereto. 19 Fla.Jur., supra, sec. 364; 10A Fla.Jur., supra, sec. 401; Lopez v. Avery, Fla. 1953, 66 So.2d 689. A judgment and decree involving child support or maintenance falls into the category of interlocutory adjudications. A distinction, however, must be drawn between past due installments and installments not yet accrued. In Villano v. Harper, Fla.App. 1971, 248 So.2d 205, the Third District stated at p. 206:
"Florida indulges in the rebuttable presumption that the courts of a sister state *105 have no authority to alter a final decree as to past due installments for child support. Boyer v. Andrews, supra [143 Fla. 462, 196 So. 825], at p. 829. In the instant case appellant wife, in an abundance of caution, actually introduced uncontroverted evidence that under Colorado law, upon entry of a Colorado divorce decree directing installment child support payments to be made, each installment becomes a final judgment debt as it matures, and these are unmodifiable.
"In Sackler v. Sackler, Fla. 1950, 47 So.2d 292, the Florida Supreme Court held that upon principles of comity and public policy, future installments of support for the wife and children may be established as a local (Florida) decree and may be enforceable by equitable remedies customary for the enforcement of local decrees for alimony and support money. Equitable defenses are assertable as to future installments when the foreign divorce decree is reduced to a local decree. Id., at p. 295."
Unless the law of the state where the decree is rendered is such that said decree may be modified as to past due or accrued installments, such decree is entitled to full faith and credit. Miller v. Shulman, Fla. App. 1960, 122 So.2d 589; but see Hurst v. Hampton, Fla.App. 1973, 274 So.2d 891. As to installments not yet accrued, they are not entitled to full faith and credit because no money is yet due; and as to such installments a decree is generally understood to be subject, upon proof of changed conditions, to modification. See Lopez v. Avery, supra.
Accordingly, the final judgment is vacated and the cause remanded for further proceedings not inconsistent herewith. Upon remand it will be necessary for the trial court to ascertain the extent to which the decree of May 19, 1959 is final and entitled to full faith and credit in accordance with the principles as heretofore set forth.[5]
OWEN, C.J., and WALDEN, J., concur.
NOTES
[1] The defendant did not file a brief or otherwise appear in this appeal. See Holden v. City of Fort Lauderdale, Fla.App. 1973, 286 So.2d 218.
[2] The reasons for such deduction were set forth in a letter dated September 25, 1959, from the Air Force Accounting Finance Center to the plaintiff.
[3] Sometime thereafter, although the date is not exact, plaintiff apparently instituted proceedings in Brevard County under the Uniform Reciprocal Enforcement of Support Act. Pursuant to an order entered by the Magistrate Court in Brevard County, the defendant was directed to pay adequate child support. A payment of $187.00 was made in December 1972; in January 1973, a payment of $68.00 was made; in February 1973, a payment of $34.25 was made, and in March 1973, a payment of $51.30 was made.
[4] It should be observed that the defense (applicability of) the Soldiers' and Sailors' Civil Relief Act of 1940 was nowhere raised in any of the pleadings or motions of the parties. The defense interposed by the defendant amounted to a general denial with a counterclaim relating to defendant's inability to pay and refusal on the part of plaintiff to permit visitation. Apparently this issue was tried by the consent of the parties. See Rule 1.190 (b), F.R.C.P. 30 F.S.A.
[5] F.S. Sec. 61.16, F.S.A., is applicable to the proceedings; the court may allow plaintiff a reasonable amount for attorney's fees. See Villano v. Harper, Fla.App. 1971, 248 So.2d 205.