291 So.2d 33 (1974)
Monda BAKER, Appellant,
v.
Harry P. BAKER, Appellee.
No. 73-592.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Rehearing Denied March 25, 1974.
*34 Sinclair, Louis & Siegel, Miami, for appellant.
Guralnick & Gellman, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the wife from a final judgment of dissolution of marriage.
Mrs. Baker was awarded rehabilitative alimony, pursuant to Fla. Stat. § 61.08(1), F.S.A., of $750 per month for one year, and $400 per month in child support for the four children born of the marriage. Ownership of the marital residence was divided between the couple, with the wife and children retaining the right of possession in the property. The husband also was ordered to make all mortgage, tax and insurance payments on the marital home for one year; thereafter each party would pay one-half of the said sums. The responsibility for insurance and medical payments for the children also was placed upon the husband.
The appellant contends that the trial court erred in awarding rehabilitative alimony rather than permanent alimony; in declaring the husband sole owner of certain stock; in failing to retain jurisdiction should the needs of Mrs. Baker change; and in failing to award the husband's interest in the marital home as partial lump sum alimony to the wife where she will be making half of the payments on the house in one year.
The wife in this case is forty-one years old. Prior to her marriage, Mrs. Baker held a job as a licensed Registered Nurse. She is licensed in Georgia, not in Florida. The record reveals that the husband's total assets as reflected in a financial statement dated October 3, 1972 are valued at $75,420, including his equity in the marital home and stock holdings. The husband's gross annual salary, derived from his service as a Circuit Court Judge, is $32,000, which amounts to a net weekly salary of $447.64.
An award of rehabilitative alimony is authorized by Section § 61.08. One challenging an alimony award has the burden of demonstrating a clear abuse of discretion by the trial court. Singer v. Singer, Fla.App. 1972, 262 So.2d 731; Sharpe v. Sharpe, Fla.App. 1972, 267 So.2d 665. The criteria employed in determining the amount of alimony to which a former wife will be entitled remains the same under no-fault divorce, the husband's ability to pay and the needs of the wife taking into consideration the standard of living shared by the parties to the marriage. Firestone v. Firestone, Fla. 1972, 263 So.2d 223; Dash v. Dash, Fla.App. 1973, 284 So.2d 407.
Applying these principles of law to the facts of the instant case, we think the trial court did not abuse its discretion in awarding to the wife rehabilitative alimony of $750 per month to terminate within one year. However, under the circumstances of this case, we do not think the provision of the award respecting the husband's payment of the mortgage, taxes and insurance on the marital home to end in one year was proper, where the wife and children will be given possession of the home. The final judgment is hereby modified to provide that the husband continue making mortgage, tax and insurance payments upon the said home, until the wife's right to possession of the house for use as the family home for her and the children shall terminate.
We have also reviewed appellant's third point: that the trial court failed to retain jurisdiction of the cause to provide for the future needs of Mrs. Baker and the children. However, in paragraph five (5) of the final judgment the trial court does in fact clearly retain jurisdiction.
We have considered appellant's other points in light of the briefs, arguments of *35 counsel, and controlling legal principles, and have concluded that no reversible error has been shown. Therefore, for the reasons stated, the judgment as modified is affirmed.
Affirmed as modified.