324 So.2d 634 (1976)
Eileen Deady CARACRISTI, Appellant,
v.
Virginius Z. CARACRISTI, Appellee.
No. 75-284.
District Court of Appeal of Florida, Second District.
January 7, 1976.
Michael R.N. McDonnell, of Brown, Smith, Young & Pelham, Tallahassee, for appellant.
Charles R. Holley, Naples, for appellee.
*635 McNULTY, Chief Judge.
Appellant Eileen Caracristi, ex-wife of appellee Virginius Z. Caracristi, brings this interlocutory appeal from an order striking her motion filed pursuant to Rule 1.540, R.C.P., for relief from a final judgment which denied her periodic alimony. We reverse.
On March 11, 1974, a final judgment was entered dissolving the marriage of the parties, dividing the jointly held assets, awarding appellant the marital home as lump sum alimony, but denying her periodic alimony. Following the filing of an unsuccessful appeal to this court[1], appellant filed the aforementioned Rule 1.540 motion. This motion alleged that appellee-husband had falsely testified at the final hearing misrepresenting his true income and ability to pay alimony and that evidence thereof was newly discovered as to appellant. Appellee responded with a motion to strike. On January 31, 1975, the lower court granted appellee's motion to strike without an evidentiary hearing expressly for the reason that, in the final judgment, the court (another judge) specifically found that the wife was "not entitled to an award of rehabilitative or permanent alimony and that [she] is able to take care of herself on the income she now enjoys." The court reasoned that the husband's ability to pay alimony is therefore irrelevant, there being no need; and thus, even assuming the truth of the allegations in appellant's motion, it would not have resulted in a different determination of alimony. We disagree.
In the first instance, it is rudimentary that in a marriage dissolution proceeding the entitlement of a wife to alimony is dependent on three criteria: (1) The wife's needs; (2) her standard of living during marriage, and (3) the husband's ability to pay.[2] In the ordinary case, as here, particularly where the marital history of the parties demonstrates that the wife's needs and the parties' standard of living are primarily dependent upon the financial contributions of the husband, all these criteria are interrelated and interdependent. Certainly, for example, with respect to a standard of living, a true picture of the husband's enchanced ability would tend to corroborate a higher standard contended for by the wife. It follows that a clear picture of her needs with respect to that standard would to a considerable degree in turn be likewise corroborated by that ability. Each of the three factors, therefore, must be considered, analyzed and weighed against the others before the court may properly make an alimony award or properly deny it, as the case may be.
Considered in this light, then, the truth if it were known initially in this case could surely have resulted in a different conclusion concerning the wife's entitlement to alimony. In our view, it was error to strike from the motion for relief the allegations of untruth.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] See Caracristi v. Caracristi (Fla.App.2d, 1974) 298 So.2d 596.
[2] See Firestone v. Firestone (Fla. 1972), 263 So.2d 223; Baker v. Baker (Fla.App.3d, 1974, 291 So.2d 33; Dash v. Dash (Fla. App.3d, 1973) 284 So.2d 407.