332 So.2d 695 (1976)
Jessica K. FUGASSI, Appellant,
v.
Lucien A. FUGASSI, Appellee.
No. 74-1752.
District Court of Appeal of Florida, Fourth District.
June 4, 1976.
*696 William R. Scherer, Hennekam & Scherer, Fort Lauderdale, for appellant.
John N. Tolar, Tolar & Adler, Fort Lauderdale, for appellee.
BASKIN, Associate Judge.
Respondent-wife appeals from a Final Judgment entered by the Broward County Circuit Court, November 1974, denying alimony, attorney's fees, costs and an interest in the husband's life insurance. The appeal also challenges the cancellation of arrearages previously held not to have been waived.
The parties were married in Pennsylvania in 1934 and lived as husband and wife until their separation in 1965. In November, 1965, the Court of Common Pleas of Allegheny County, Pennsylvania granted respondent-wife a divorce from bed and board and ordered the husband to pay $550 a month support.[1] In May, 1969, the Pennsylvania Court entered an agreed order continuing the $550 in full force and effect.
In March, 1971, the respondent-wife brought an action in Broward County to enforce the 1969 agreed order for support. In August, 1971, the Broward County Circuit Court directed the husband to pay $350 per month, stating: "... the difference between the $350 per month ordered by the Pennsylvania Court is not waived and should be held as arrearage until further order of this court." In 1973, the husband petitioned for dissolution[2] and the respondent-wife counterclaimed for alimony unconnected with dissolution and for adjudication of rights in the husband's life insurance policy valued at approximately $30,000. On August 7, 1974, the court entered Final Judgment of Dissolution in a two-part hearing; the wife was denied all relief.
The respondent-wife contends on appeal that the failure of the trial court to award her alimony or support of any kind, attorney's fees and costs constitutes an abuse of discretion. She also maintains that the trial court wrongfully cancelled accumulated arrearages and failed to give full faith and credit to the Pennsylvania support order. She maintains that she has a vested interest in the life insurance policy acquired during the marriage.
We agree that the respondent-wife is entitled to receive alimony, attorney's fees, costs and arrearages. We do not agree that she is entitled to the life insurance policy.
1. ALIMONY. Alimony is determined by the needs of the wife and the *697 ability of the husband to pay. Baker v. Baker, 291 So.2d 33 (Fla.App. 1974); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). Respondent-wife is 62 years old and has supported herself from the approximately $16,000 net she received from the husband in settlement of a Pennsylvania judgment, resulting from his having endorsed her signature on jointly owned stock. Of this sum, only $750 remains. She is ill, unable to work and is not yet receiving social security. She has not worked outside the home since 1936 and has no income. The husband was approximately $10,000 in arrears at the time of entry of Final Judgment.
In 1965 the husband earned over $40,000 per year as an executive of National Steel Corporation. At the present time, however, the husband has an income of approximately $1500 per month. Although the husband is also ill as a result of a stroke, his medical expenses are covered by insurance. His retirement income is sufficient for him to provide permanent alimony to respondent-wife.
The trial court denied support to respondent-wife because she had received a settlement from the husband. That settlement arose, however, from the wife's prior interest in jointly owned stock. That settlement preceded her claim for alimony. The trial court abused its discretion in setting off the settlement proceeds she had received and spent against her present need for alimony. Her need, as shown by proper evidence, should have been considered by the trial court along with the husband's ability to pay.
2. ARREARAGES. A foreign decree for the payment of alimony or child support in installments is entitled to enforcement in this state under the full faith and credit clause if it is final. A distinction, however, must be drawn between past due installments and installments not yet accrued. Courtney v. Warner, 290 So.2d 101 (Fla.App. 1974); Villano v. Harper, 248 So.2d 205 (Fla.App. 1971). Equitable defenses are assertable as to future installments when the foreign divorce decree is reduced to a local decree. Sackler v. Sackler, 47 So.2d 292 (Fla. 1950).
A presumption exists that the court entering the decree had no authority to cancel arrears or modify the decree retrospectively. The burden is on the defendant to show that under the law of the state of rendition installments do not become due but are subject to change. In the absence of such a showing, the presumption must be indulged that there is no such law. Wolk v. Leak, 70 So.2d 498 (Fla. 1954); Boyer v. Andrews, 143 Fla. 462, 196 So. 825 (1940).
In the case at bar there was no showing that Pennsylvania law permitted retroactive modification. The parties had agreed to an order of support on May 21, 1969 and a Florida court held on August 24, 1971 that arrearages were not waived.
The husband sought termination of his payments in reliance upon the decision in Wiegand v. Wiegand, 226 Pa.Super. 278, 310 A.2d (1973). That decision was reversed by the Supreme Court of Pennsylvania. Wiegand v. Wiegand, 461 Pa. 482, 337 A.2d 256 (1975).
Florida courts have an interest in enforcing foreign decrees to prevent this state from becoming a "haven for fugitive husbands." Sackler v. Sackler, 47 So.2d 292 (Fla. 1950).
For these reasons, the trial court erred in cancelling accumulated arrearages previously held not to have been waived.
3. INSURANCE. We find the wife's contention that she is entitled to equity in the insurance policy purchased by the husband during the marriage to be without merit. The husband changed the beneficiary of the policy to his new wife as was his right. Miller v. Gulf Life Insurance, 152 Fla. 221, 12 So.2d 127 (1943). *698 Respondent-wife contributed her services during the course of the marriage, but the policy was purchased from the earnings of the husband. The wife has failed to demonstrate a special equity under the law of Florida.
4. ATTORNEY'S FEES AND COSTS. The trial court erred in refusing to award reasonable attorney's fees and costs to the wife. Selinsky v. Selinsky, 62 So.2d 24 (Fla. 1952). The wife was forced to defend litigation and to enforce prior orders of the court. In light of the testimony as to the parties' finances, failure to provide the wife with any sums for this purpose constituted an abuse of discretion.
For these reasons, this cause is reversed and remanded with directions to reinstate accumulated arrearages for entry of an order awarding alimony to the wife, and to determine reasonable attorney's fees and costs.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] In 1966, the husband received a Nevada divorce held invalid in Pennsylvania in 1969. In May of 1970, the husband married Ruth Lanz, although the marriage to respondent-wife was not formally dissolved in Florida until August, 1974.
[2] Husband sought modification of support payments on the ground that in Wiegand v. Wiegand, 226 Pa.Super. 278, 310 A.2d 426 (1973), the Pennsylvania Court of Common Pleas held bed and board divorces to be unconstitutional because they were obtained only by wives in violation of that state's Equal Rights Amendment. That decision was reversed by the Supreme Court of Pennsylvania, Wiegand v. Wiegand, 461 Pa. 482, 337 A.2d 256 (1975).