383 So.2d 913 (1980)
Linda Mae GENSEMER, Appellant,
v.
Harold J. GENSEMER, Appellee.
No. 79-907.
District Court of Appeal of Florida, Second District.
January 16, 1980.
Watson R. Sinden of McClure & Turville, St. Petersburg, for appellant.
No appearance for appellee.
SCHEB, Judge.
Appellant wife contends the trial court's failure to grant her permanent alimony was an abuse of discretion. We agree and reverse.
Appellant, Linda Mae Gensemer, and Harold J. Gensemer were married in 1969. Their one child, Melissa Michelle, was born in 1973. The husband, age thirty one, was a police detective who was injured in the line of duty in 1977. As a result of the 45% disability he sustained, the husband received a $38,000 lump sum settlement and will receive $800 per month for life. Yet he is gainfully employed as a management trainee with a present compensation of $2.90 per hour. In his financial statement he estimated that $266.24 per week was required to maintain himself and his child. At the time of final hearing, his principal assets were a $10,000 certificate of deposit, a $14,000 automobile, and a $3,000 boat. He still owed $7,000 to a credit union for sums he borrowed in 1974 to pay the wife's hospital bills, and $8,000 on his recently acquired automobile.
The wife, age twenty-nine, suffered from mental illness prior to and throughout the marriage, and was under frequent psychiatric care. In recent medical reports reviewed by the trial judge, her psychiatrist diagnosed her illness as "manic depressive, cyclic, manic" and noted that "she may need long and further treatment again."
During the marriage the wife was employed in various clerical positions. She lost her first clerking job after she suffered a nervous breakdown and was hospitalized. *914 She quit her next position at the husband's request when she was pregnant with their child. At the time of her hearing she was a credit clerk in a department store earning $2.90 per hour with a net pay of $70 to $85 per week. She listed her current expenses as $93 per week, a figure which allotted only $10 per week for medical and dental expenses.
In 1971 the parties purchased a home, taking title as tenants by the entirety. The husband testified that it is worth $32,000, and is encumbered by a $12,000 mortgage.
The trial court dissolved the marriage and awarded custody of the child to the husband. The court also granted him exclusive use of the jointly owned home until the child reaches eighteen years of age, marries, or becomes self supporting. The court denied the wife's request for alimony and required the parties to bear their respective costs.
It is a well recognized principle that a trial court's judgment, particularly in respect to financial awards in domestic relations cases, will be upheld by an appellate court unless the appellant clearly shows that the trial court has abused its discretion. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). The wife contends the trial court abused that discretion by denying her request for alimony. There are three criteria upon which alimony is traditionally predicated: (1) the ability of the husband to pay alimony; (2) the financial needs of the wife compared to her ability to support herself from her own income; and (3) the standard of living enjoyed by the wife during the marriage. Caracristi v. Caracristi, 324 So.2d 634 (Fla.2d DCA 1976).
The wife in this case is relatively young and she and her husband each have approximately the same present earning capacity. Further, the wife has a history of medical problems which have resulted in considerable expense. Her employment history also makes it difficult to predict the likelihood of her supporting herself and providing for any future medical needs. The husband, on the other hand, has a permanent disability income and appears to have a potential for increased earnings as he advances in his new occupation.
Under the court's final judgment, the wife leaves the marriage with a history of mental illness and with virtually no assets. Even her equity in the jointly owned home is to remain in exclusive possession of the husband until their child reaches age eighteen in 1991. The husband's stable income gives him the ability to care for the wife's needs. Under these circumstances we conclude that the trial court abused its discretion in failing to award permanent alimony to the wife.
Finally, appellant contends that the trial court abused its discretion in failing to award her attorney a reasonable fee for representing her in the proceedings in the trial court. The court did award her temporary attorney's fees, but made no permanent award. We note, however, that the evidence before the trial judge, as stipulated to by the parties and approved by the court pursuant to Florida Rule of Appellate Procedure 9.200(b)(3), includes no reference to attorney's fees. Consequently, the trial court did not abuse its discretion in failing to award any. Nivens v. Nivens, 312 So.2d 201 (Fla.2d DCA 1975).
Accordingly, we reverse that part of the final judgment which denies the wife's entitlement to alimony, and direct that the trial court enter an amended judgment awarding the wife no less than $40 per week in permanent alimony.
BOARDMAN, Acting C.J., and DANAHY, J., concur.