PER CURIAM.
Appellant was held in contempt for failure to pay alimony and appeals, arguing that Florida’s alimony statute, section 61.08, violates the right to privacy provided in Article I, section 23 of the Florida Constitution, and the separation of powers provision contained in Article II, section 3 of the Florida Constitution. We affirm.
Appellant’s marriage was dissolved in 1972, and he was ordered to pay twenty-five dollars a week in alimony. He was found to be in arrears in 1986 and 1991 and appeals a recent order finding him in contempt. Any arguments appellant has as to the constitutionality of section 61.08, under which he was required to pay alimony, were waived when he failed to raise these issues in the original dissolution proceeding. Sanford v. Rubin, 237 So.2d 134 (Fla.1970); Gilbertson v. Boggs, 743 So.2d 123 (Fla. 4th DCA 1999) (res judicata precluded paternity claim, which had been litigated in prior case and not appealed); Johnson v. Women’s Health Ctr., 714 So .2d 580 (Fla. 5th DCA 1998) (same).
Appellant points out that the right to privacy provided in Article I, section 23, had not been in our constitution until the amendment of it, several years after the dissolution of his marriage. Even if section 61.08 violated the right to privacy, it would not relieve appellant of liability for his alimony arrearages, because they have become vested. Boyer v. Andrews, 143 Fla. 462, 196 So. 825 (Fla.1940); McArthur v. McArthur, 106 So.2d 73 (Fla.1958).

Affirmed.

KLEIN, HAZOURI and MAY, JJ., concur.